126 Nev., Advance Opinion 15

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: LUIS SANDOVAL,
Debtor.

LESLIE HOWARD,
Appellant,
vs.
LUIS SANDOVAL,
Respondent.

No. 52066

FILED
MAY 13 2010

Entered on Docket
December 22, 2010

Adv 07-1174

Certified question, pursuant to NRAP 5, concerning whether a default judgment entered for failure to file an answer has issue-preclusive effect in a bankruptcy proceeding. United States Bankruptcy Court, District of Nevada; Bruce A. Markell, Judge.

Question answered.

Sidhu Law Firm, LLC, and Ambrish S. Sidhu, Las Vegas, for Appellant.

Crosby & Associates and David M. Crosby, Las Vegas, for Respondent.

BEFORE PARRAGUIRRE, C.J., HARDESTY, DOUGLAS, CHERRY, SAITTA, GIBBONS and PICKERING, JJ.

OPINION

PER CURIAM:

The certified question in this case asks whether a Nevada default judgment based on a defendant's failure to answer a complaint served by publication carries issue-preclusive effect. Because Nevada law

requires an issue to have been actually and necessarily litigated for issue preclusion to apply, a default judgment entered in these circumstances does not carry such effect.

## FACTS

The certified question originates in a proceeding before the United States Bankruptcy Court for the District of Nevada to determine the dischargeability of a debt embodied in a Nevada default judgment against respondent Luis Sandoval, the debtor, in favor of Charles O. Ajuziem. The default judgment was based on Ajuziem's complaint, which asserted claims for damages for assault and battery, including punitive damages, arising out of an altercation between Ajuziem and Sandoval at a soccer game. Ajuziem was a referee and Sandoval was a player on a soccer team. According to the complaint, Sandoval verbally threatened Ajuziem and punched Ajuziem in the eye, injuring him. Service of the complaint was accomplished by publication. When Sandoval neither answered nor appeared, the state trial court entered judgment by default. Ajuziem later assigned the judgment to appellant Leslie Howard.

A United States bankruptcy court determines the issue-preclusive effect of a state court judgment by the law of the court that rendered judgment. In re Cantrell, 329 F.3d 1119, 1123 (9th Cir. 2003). Section 523(a)(6) of the Bankruptcy Code provides that a debt is nondischargeable if it is "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (2006). The issue-preclusive effect of the state court default judgment against Sandoval became an issue in Sandoval's bankruptcy proceeding when Howard objected to discharge of the judgment under 11 U.S.C. § 523(a)(6). Howard moved for summary judgment, contending that the default judgment established that Sandoval had acted willfully and

maliciously, leaving nothing to litigate. Sandoval asserts that issue preclusion should not apply because he was not personally served with the complaint, no evidence was presented in the prior case, and the default judgment did not result in any specific findings of fact.

Five Star Capital Corp. v. Ruby, 124 Nev. ___, 194 P.3d 709 (2008), materially clarified Nevada law respecting issue and claim preclusion. It does not, however, answer the narrow question presented to and certified by the bankruptcy court in this case:

> Under Nevada law, would a default judgment obtained after a failure to answer a properly served complaint for tortious assault and battery have preclusive effect in a later lawsuit in which any of the necessary elements of tortious assault and battery were at issue? Put another way, is such a Nevada default judgment considered "actually . . . litigated" within the meaning of the fourth factor of Nevada's issue preclusion doctrine as announced in Five Star Capital?

This question meets the criteria specified in NRAP 5 for this court to accept and answer a question of law certified to it by a federal court. See Volvo Cars of North America v. Ricci, 122 Nev. 746, 749-51, 137 P.3d 1161, 1163-64 (2006).

## DISCUSSION

Issue preclusion prevents relitigation of an issue decided in an earlier action, even though the later action is based on different causes of action and distinct circumstances. Five Star, 124 Nev. at ___, 194 P.3d at 713-14. Four factors must be met for issue preclusion to apply:

> (1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; . . . (3) the party against whom the judgment is asserted must have

>been a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated.

Id. at ___, 194 P.3d at 713 (internal quotation and citation omitted). As we emphasized in Five Star, "issue preclusion only applies to issues that were <u>actually and necessarily litigated</u> and on which there was a final decision on the merits." Id. (emphasis added). Because Howard seeks to establish willful and malicious injury for dischargeability purposes based on the Nevada state court default judgment awarding tort and punitive damages for assault and battery, issue preclusion is at issue and our focus is on the "actually and necessarily litigated" requirement in Five Star.

       Courts elsewhere are divided on whether and when a default judgment can establish issue preclusion. Most courts hold that issue preclusion is not available for a default judgment obtained based simply on a defendant's failure to file an answer. See Arizona v. California, 530 U.S. 392, 414 (2000); Matter of Gober, 100 F.3d 1195, 1203-06 (5th Cir. 1996) (applying Texas law); U.S. v. Ringley, 750 F. Supp. 750, 759 (W.D. Va. 1990); Wall v. Stinson, 983 P.2d 736, 740 (Alaska 1999); Circle K v. Industrial Com'n, 880 P.2d 642, 645 (Ariz. Ct. App. 1993); Gottlieb v. Kest, 46 Cal. Rptr. 3d 7, 33-34 (Ct. App. 2006) (recognizing, although declining to follow, this rule); Treglia v. MacDonald, 717 N.E.2d 249, 253-54 (Mass. 1999).[1] These courts reason that when a default judgment is entered

---

[1] We note that some of these same courts, which do not allow issue preclusion based on a default judgment where no answer was filed, recognize the possibility of issue preclusion for other types of default judgments, such as a default judgment based on abusive or dilatory litigation tactics. See Matter of Gober, 100 F.3d 1195, 1203-06 (5th Cir. 1996) (applying Texas law and following a flexible approach, wherein
*continued on next page . . .*

based on failure to answer, issue preclusion is not available because the issues raised in the initial action were never actually litigated. This reasoning comports with the Restatement (Second) of Judgments, section 27, which states that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1982). When a judgment is entered by confession, consent, or default, none of the issues is actually litigated, and therefore, the issues may be litigated in a subsequent action. Id. cmt. e.

Other courts follow a more relaxed view of issue preclusion based on default judgments, finding that if the party had a fair opportunity to litigate the issues and/or if the court made express findings in its default judgment, issue preclusion is appropriate. See, e.g., In re Cantrell, 329 F.3d 1119, 1124 (9th Cir. 2003) (applying California law);

---

...*continued*

generally issue preclusion should not apply to default judgments but recognizing that it may be available in cases where default is entered after an answer is filed for failure to participate at trial or as a sanction for improper delay or nonparticipation in the case); Treglia v. MacDonald, 717 N.E.2d 249, 253-54 (Mass. 1999) (adopting a general rule that a default judgment does not provide issue-preclusive effect because the issues are not actually litigated but recognizing circumstances in which issue preclusion based on a default judgment could apply, such as when "a litigant may so utilize our court system in pretrial procedures, but nonetheless be defaulted for some reason, that the principle and rationale behind [issue preclusion] would apply"). We do not reach this issue, as it is not raised in the certified question.

Gottlieb v. Kest, 46 Cal. Rptr. 3d 7, 33-34 (Ct. App. 2006); Jackson v. R.G. Whipple, Inc., 627 A.2d 374, 380 (Conn. 1993), abrogated on other grounds by Macomber v. Travelers Property & Cas. Corp., 804 A.2d 180 (Conn. 2002); TransDulles Center, Inc. v. Sharma, 472 S.E.2d 274, 276 (Va. 1996). These courts interpret the requirement of "actually litigated" to mean a fair opportunity to litigate, Cantrell, 329 F.3d at 1124; Jackson, 627 A.2d at 380, or hold that if the court made express findings, then the issues were actually litigated and there is no requirement that the party have participated in the case. Sharma, 472 S.E.2d at 276. This view does not make the issue-preclusive effect of a default judgment depend on whether the defendant filed an answer but instead on whether the defendant had an opportunity to participate and/or whether the court entering the default made findings to support the default judgment.

Issue preclusion serves to avoid relitigation and to conserve judicial resources. However, Five Star's requirement that an issue has been "actually and necessarily litigated" before issue preclusion will attach serves important competing concerns with fairness. As comment e to the Restatement (Second) of Judgments, section 27 recognizes, there are a number of legitimate reasons why a party may not have previously litigated an issue: the party did not receive actual notice of the proceedings, "[t]he action may involve so small an amount that litigation of the issue may cost more than the value of the lawsuit[,] . . . [o]r the forum may be an inconvenient one in which to produce the necessary evidence or in which to litigate at all." And as comment e points out, the policies behind issue preclusion "of conserving judicial resources, of maintaining consistency, and of avoiding oppression or harassment of the

adverse party" are not as compelling in a default judgment setting, as here, because the issues have not actually been litigated.

For these reasons we conclude that Nevada's issue-preclusion test requires that an issue be "actually litigated" and not simply that a party had an opportunity to litigate the issue. Five Star, 124 Nev. at ___, 194 P.3d at 714. When a default judgment is entered where an answer has not been filed, the issue presented was not actually and necessarily litigated, and issue preclusion does not apply in such circumstances. Here, the default judgment was entered after the summons was served by publication. There is no evidence that Sandoval had knowledge of the case before the default judgment. Sandoval entered no appearance and did not participate in any manner in the prior case. The district court's judgment does not make any specific findings of fact that were established through evidence. Under these circumstances, the issues were not "actually and necessarily litigated" and the default judgment cannot provide a basis for issue preclusion.

_____, C.J.
Parraguirre

_____, J.        _____, J.
Hardesty                              Douglas

_____, J.        _____, J.
Cherry                                Saitta

_____, J.        _____, J.
Gibbons                               Pickering